IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIRECTV, INC., | : | CIVIL ACTION NO. **3:CV-03-0843** |
| | : | |
| Plaintiff | : | (Chief Judge Vanaskie) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | **FILED** |
| JACKIE CHORBA, et al., | : | **SCRANTON** |
| | : | |
| Defendants | : | OCT 1 6 2003 |

**MEMORANDUM AND ORDER**

PER _____
DEPUTY CLERK

Plaintiff, DirecTV, Inc., a provider of satellite television programming, began filing a series of cases in this Court. The Plaintiff's initial action was styled *DirecTV, Inc., v. Jackie Chorba, et al.,* Civil No. 3:CV-03-0843, filed May 23, 2003. Plaintiff also simultaneously filed eighteen (18) other actions docketed inclusively from Civil Action 03-0844 through 03-0862 (except for Civil Action 03-0849). Plaintiff joined multiple Defendants in each of its action.

On June 30, 2003, this Court consolidated all nineteen (19) actions of the Plaintiff under Civil Action No. 03-0843 and directed the Clerk of Court to close the other eighteen (18) cases. (Doc. 4).

The total number of Defendants now consolidated is 71 in case number 03-0843.[1] In all of the cases, Plaintiff claims that each Defendant used illegal devices to intercept its satellite TV programming in order to view it for free without its authorization, in violation of 47 U.S.C. § 605

---

[1] The Plaintiff later (September 12, 2003) filed four separate actions, civil actions Numbers 03-1610, 03-1611, 03-1612, and 03-1613, naming a total of 11 new Defendants. In these actions, Plaintiff again joined various Defendants. In all of Plaintiff's cases combined, there are 82 named Defendants.

and 18 U.S.C. § 2511 and § 2512, as well as Pennsylvania Civil Conversion.   Plaintiff seeks

compensatory damages and injunctive relief.[2]

On August 4, 2003, Defendants Orlowski and Rogan jointly filed a Motion to Sever/Drop

them from action number 03-0843 pursuant to Fed.R.Civ.P. 20 and 21. **(Doc. 45)**.   The

Defendants' Motion has been briefed. (Docs. 46, 114, 123, and 127).[3]

On October 1, 2003, Defendants Holl and Imam jointly filed a Motion to Sever/Drop them

from action number 03-0843 Pursuant to Fed.R.Civ.P. 20 and 21 **(Doc. 157)**, together with a

supporting Memorandum. (Doc. 158).[4]

Fed.R.Civ.P. 20(a) provides in pertinent part:

> All persons . . . may be joined in one action as defendants if there
> is asserted against them jointly, severally, or in the alternative, any
> right to relief in respect of or arising out of the same transaction,
> occurrence, or series of transactions or occurrences and if any
> question of law or fact common to all defendants will arise in
> the action.

---

[2]On September 12, 2003, the District Court referred all of Plaintiff's cases to the undersigned for pretrial management. (Doc. 111).

[3]The Defendants' support Brief and Reply Brief (Docs. 46 and 123) are almost completely incomprehensible, as they contain the same phrases repeated over and over and several words joined together.  Counsel for Defendants is admonished that no further such filings will be tolerated by the Court.

[4]Defendants Holl and Imam are represented by the same counsel as Defendants Orlowski and Rogan.  The support Brief of Defendants Holl and Imam (Doc. 158) is also largely incomprehensible, in the same manner as the Brief of Defendants Orlowski and Rogan.  We shall consider the Motion of Defendants Holl and Imam at this time, even though it is not yet ripe, since it contains the same legal basis and factual background as the Motion of Defendants Orlowski and Rogan.

2

Thus, Plaintiff must show that its claims arise out of the same series of transactions or occurrences and that a question of law or fact common to the stated joined defendants will arise. *See In re: Orthopedic Bone Screw Prod. Liab. Litig.*, 1995 WL 428683 at *1 (E.D. Pa.).

Rule 20(a) is designed to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *See Mosley v. G.M. Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). The decision as to whether permissive joinder should be granted is within the Court's sound discretion. In deciding whether to join parties, the Court should use a liberal standard.

In *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966), the Court stated:

> [u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."

A case-by-case analysis should be made by the Court in determining if a plaintiff's claims arise out of the same transaction or occurrence. *Mosely*, 497 F.2d at 1333. The Court should look to the "logical relationship" of the transactions involved. *Id.* (quotation omitted). In determining whether a "logical relationship" exists between claims, the Third Circuit in *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978),[5] stated that:

> a detailed analysis must be made to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties.

---

[5]The *Xerox* case dealt with the "logical relationship" between Rule 13 counterclaims. However, we find the *Xerox* Court's analysis to be informative for Rule 20 joinder.

Courts in this Circuit have found that "the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement that there arise a question of law or fact common to all joined parties." *Norwood Co. v. RLI Ins. Co.*, 2002 WL 523946 at *3 (E.D. Pa.).

Plaintiff alleges that each Defendant separately purchased a device designed for the unauthorized interception of its satellite TV programming from one of the same group of pirate distributors and that each Defendant separately used the device to pirate its satellite signals. The Plaintiff contends that the commonality requirement of Rule 20 is met based on the fact that each Defendant allegedly bought the pirated devices under the same circumstances from the same group of distributors; the Defendants used the devices for the same purpose; and the Defendants injured the Plaintiff in the same manner. (Doc. 114, p. 5). The Plaintiff contends that the same transaction requirement of Rule 20 is satisfied because each Defendant's alleged unlawful interception of its programming arose as a result of the same investigation and raid, namely, a Writ of Seizure executed on May 25, 2001, at a mail shipping facility used by the group of the pirate device distributors. (*Id.* at p. 7).

The basis of Plaintiff's action against each Defendant arises out of the Defendant's alleged use of a device to view Plaintiff's programming without its permission, in violation of the stated statutes. However, the Plaintiff's claims against the Defendants do not arise from the May, 2001, investigation concerning the device distributors, as none of our Defendants were alleged distributors. Rather, our Defendants are named in the present action as a result of their alleged use of a device purchased from a distributor to unlawfully view Plaintiff's satellite programming. Thus,

4

the May, 2001, investigation only shows that the manner in which Plaintiff learned of its action against each Defendant arose from the same occurrence. This investigation does not qualify for purposes of the same transaction requirement of Rule 20.

Plaintiff concedes that none of the Defendants are alleged to have acted in concert or acted pursuant to a common plan or scheme. (Doc. 114, pp. 5 and 7). There is no claim that the Defendants acted jointly to either purchase the devices from the distributor or to use the devices.

As Exhibits in support of their Motion, Defendants Orlowski and Rogan have submitted copies of four recent Orders entered by the United States District Court for the Eastern District of Pennsylvania in which Plaintiff DirecTV sought to sue multiple defendants under claims nearly identical to those raised in the present case.[6] In these Orders, the Eastern District of Pennsylvania Courts found that the Plaintiff's cases should be severed, as Plaintiff's claims against the Defendants did not arise from the same transaction or occurrence. (Doc. 127, Exhibits A - D). In their Brief, Defendants Holl and Imam also state that a Judge Castillo has ordered that four cases filed by DirecTV against multiple defendants be filed separately. (Doc. 158, pp. 3-4).[7] The Plaintiff has not responded *via* a reply brief to the Orders of the Eastern District of Pennsylvania which have been submitted by Defendants Orlowski and Rogan as exhibits. Nor has Plaintiff tried to distinguish its present cases from its cases filed in the Eastern District of Pennsylvania. We concur with the reasoning of the Eastern District of Pennsylvania Courts and, in particular, with Judge Robreno's

---

[6]Counsel for DirecTV in the Eastern District of Pennsylvania cases is not the same as counsel for DirecTV in the present consolidated cases.

[7]Since Defendants' Brief is not entirely clear, as noted above, we cannot determine in which District these cases of Plaintiff were filed. (Doc. 158, pp. 3-4).

August 5, 2003, Order at footnote 1. (Doc. 127, Exhibit B, pp. 1-3, n.1).

Judge Robreno found that the basis of Plaintiff DirecTV's action against each Defendant was the Defendant's individual use of Plaintiff's satellite signal and the Defendant's individual possession of a device used to intercept Plaintiff's signal. (*Id.* at p. 2, n.1). Judge Robreno noted as follows:

> Plaintiff, however, does not allege that each individual defendant acted in concert with the other defendants, that the alleged activities of one defendant were somehow related to the alleged activities of the other defendants, that there exists a relevant relationship among the defendants or even that any of the defendants were aware of the activities of the other defendants. The only connection between the individual defendants alleged in plaintiff's complaint is the fact that each defendant purchased the equipment which allegedly enabled him or her to unlawfully intercept plaintiff's satellite signal from the same group of distributors and the fact that plaintiff became aware of the alleged unlawful interception of its satellite signals by the defendants in this case as a result of the same investigation.
>
> The fact that each defendant allegedly purchased the equipment which enabled him or her to unlawfully intercept plaintiff's satellite signal from the same group of distributors establishes only that plaintiff's claims against defendants may have arisen from <u>similar</u> transactions. This, however, does not satisfy the requirements of Rule 20. (Emphasis in original).

As the Court in *Tele-Media Co. of Western Conn. V. Antidormi*, 179 F.R.D. 75 (D. Conn. 1998), stated, "[i]n the absence of any claim that the defendants conspired or acted jointly, the same transaction requirement of Rule 20, even when read as broadly as possible, is plainly not satisfied." (Cable TV company could not, under Rule 20, join 104 individual defendants where it claimed that each defendant individually used an altered converter to intercept its premium programming without its authorization and no conspiracy or joint action was alleged on the part of any defendant); *See also Movie Systems, Inc., v. Abel*, 99 F.R.D. 129 (D. Minn. 1983) (Court

found that defendants were not properly joined under Rule 20 because no joint action was alleged, in case where plaintiff distributor of TV programs sued 100 defendants jointly in each of 18 separate actions (1,795 total defendants) alleging each defendant individually pirated its microwave signals).

Therefore, we find that the Plaintiff's claims against each individual Defendant, who admittedly were acting independently, do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  Thus, Plaintiff's joinder of Defendants Orlowski, Rogan, Holl and Imam in the respective actions in which they were named with other Defendants was not proper under Rule 20.

Defendants also seek, under Rule 21, to be dropped from this consolidated case.  We agree with Plaintiff that the dropping of the Defendants is tantamount to dismissal and that this is not the proper remedy for their misjoinder.  Rule 21 provides that misjoinder is not grounds for dismissal. We also agree with Plaintiff that dropping the Defendants is not just, as it may be unduly prejudiced if it had to file new actions against the Defendants with new filing dates, as the statute of limitations may be a bar.  Rule 21 also provides that any claim against any party may be severed.  We find that the Defendants' severance is the proper recourse for their misjoinder.

The claims against Defendants Orlowski, Rogan, Holl and Imam are severed from the respective actions in which they were joined.  We shall also sever the Plaintiff's claims as against all other Defendants (*i.e.*, non-moving Defendants) named in all of its pending actions before this Court for the same reasons outlined above.  The Plaintiff's original action filed to 03-0843 shall remain open as to only Defendant Jackie Chorba.  All other Defendants named in consolidated action 03-0843 are severed.  We shall direct Plaintiff to file amended complaints as against each

7

separate Defendant named in all of its cases within twenty (20) days of the date of this Order.  The Plaintiff shall pay a separate filing fee for each of the amended complaints.  The amended complaints as to all of the Defendants will be deemed to have been filed as of May 23, 2003, the original filing date of Civil Action 03-0843.  The cases shall be assigned separate civil action numbers and shall thereafter be immediately consolidated, by separate Order of this Court, for pretrial purposes in the interests of judicial economy.

An appropriate order follows.


THOMAS M. BLEWITT
United States Magistrate Judge

Dated: October /6, 2003

8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIRECTV, INC.,                         :        CIVIL ACTION NO. **3:CV-03-0843**
                                       :
                 Plaintiff             :        (Chief Judge Vanaskie)
                                       :
         v.                            :        (Magistrate Judge Blewitt)
                                       :
JACKIE CHORBA, et al.,                 :
                                       :
                 Defendants            :

## ORDER

**AND NOW**, this _16_ day of **October, 2003**, upon consideration of the Motions of
Defendants Orlowski and Rogan **(Doc. 45)** and Defendants Holl and Imam **(Doc. 157)** to
Sever/Drop Defendant Pursuant to F.R.C.P. 20 and 21, **IT IS HEREBY ORDERED THAT:**

1. The Defendants' Motions **(Docs. 45 and 157)** are **GRANTED.**

2. The claims against Defendants Orlowski, Rogan, Holl and Imam are severed.

3. The claims against all Defendants named in Plaintiff's actions consolidated by this Court
are severed.

4. The Plaintiff's original action 03-0843 shall remain open as against only Defendant Jackie
Chorba.

5.   Plaintiff shall file amended complaints, one for each Defendant named in this
consolidated action pending with this Court, within **twenty (20) days** of the date of this Order.

6.  The Plaintiff shall pay a separate filing fee for each of the amended complaints filed
against all of the individual Defendants.

9

7.  The amended complaints as to all of the Defendants will be deemed to have been filed as of May 23, 2003.

8.  The cases shall be assigned separate civil action numbers and shall thereafter be immediately consolidated, by separate order, for pretrial purposes in the interests of judicial economy.

9.  The Clerk of Court is directed to assign the new amended complaints filed by the Plaintiff to Chief Judge Vanaskie and to refer them to Magistrate Judge Blewitt.

10.  Plaintiff is admonished that any complaints filed by it in the future must be in conformity with Rule 20, in that they must name only those defendants who have claims against them arising out of the same transaction or occurrence, pursuant to the foregoing Memorandum.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: October _16_, 2003**